**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| **THE SYDOW FIRM,** | § | **Case No.:  2 4 - 8 0 2 3 6** |
| | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | **Subchapter V** |

---

**SUBCHAPTER V TRUSTEE'S OBJECTION TO**
**CONFIRMATION OF THE DEBTOR'S SECOND**
**AMENDED PLAN OF LIQUIDATION (Ref. ECF 98)**

Sylvia Mayer, Subchapter V Trustee ("**Sub V Trustee**"), files this Objection to Confirmation of the Debtor's Second Amended Plan of Liquidation, and in support would show the Court the following:

**PRELIMINARY STATEMENT**

1.      This Subchapter V case has been pending for nearly 22 months, yet creditors are no closer to receiving any payments.  The Debtor's two primary assets are a 5% interest in the Penafiel Judgment and a receivable from IronOak, Inc.  Both will require collection efforts post-confirmation, and the timing of collection is uncertain.  While it may be in the best interest of the creditors to establish a mechanism and procedures for collecting assets and future distributions, the Plan, as proposed, has several significant issues, which are discussed below.

2.      The Sub V Trustee respectfully requests that the Court either deny confirmation of the Plan or allow the Debtor an opportunity to correct these deficiencies.

3.      Due to a conflict with another matter, the Sub V Trustee is unable to attend the confirmation hearing.  The Sub V Trustee submits this Objection in lieu of her attendance at the hearing.

1

**PROCEDURAL BACKGROUND**

4.      On August 14, 2024 ("**Petition Date**"), the Debtor filed a voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code (ECF 1).

5.      On August 20, 2024, Sylvia Mayer was appointed to serve as the Subchapter V Trustee (ECF No. 9).

6.      On November 12, 2024, the Debtor filed a patently unconfirmable plan (ECF 40).

7.      On April 22, 2026, the Debtor filed its First Amended Plan of Reorganization (ECF 91).

8.      On April 28, 2026, the Debtor filed its Second Amended Plan of Liquidation (ECF 98, the "**Plan**").

**CONFIRMATION OBJECTION**

9.      In summary, the Plan is premised upon a settlement between the Debtor, Series 2 – Virage Master LP/Virage Capital Management LP ("**Virage**"), and Michael Sydow (owner of the Debtor).  Under the settlement ("**Virage Settlement**"), each of the Debtor and Michael Sydow will contribute their interests in the Penafiel Judgment to a Trust.  The Debtor will also contribute its other assets, including a receivable from IronOak, Inc., to the Trust.  The Trust will be managed by a trustee ("**Collections Trustee**") and an Oversight Committee.  The Trust will pursue collections and then distribute any funds collected to Virage and Michael Sydow based on a specified sharing arrangement or waterfall.  Five percent of any distributions attributable to Michael Sydow will then be paid to the Debtor's unsecured creditors.

10.      The Plan's Projected Recovery for Unsecured Creditors is Illusory:  As the Debtor notes in the Plan, the timing of collections is uncertain.  (ECF 98, page 4)  Thus, the timing and amount of distributions (if any) to unsecured creditors over the five-year life of the Plan is equally

2

uncertain.

11.     The Plan Extends Bankruptcy Protection to a Nondebtor, Which Creates Risks for Unsecured Creditors:  According to the Plan, Michael Sydow is contributing his interest in the Penafiel Judgment "free and clear of all liens, claims, and encumbrances." (ECF 98, page 8)  It is unclear whether Michael Sydow's interest in the Penafiel Judgment is subject to any liens, claims, or encumbrances.  It is equally unclear how, absent his own bankruptcy, Michael Sydow can transfer his interest free and clear to the Trust, or how such a transfer may affect the Trust or, ultimately, distributions to unsecured creditors.  There is a risk that Michael Sydow's creditors and those with claims against his share of the Penafiel Judgment could further delay any recovery for the Debtor's creditors.

12.     The Plan Lacks Adequate Safeguards for Unsecured Creditors:  Under the Plan, the Collections Trustee, under the direction of the Oversight Committee, may sell or settle the Penafiel Judgment or IronOak receivable without seeking Court approval or providing any advance notice to the Debtor's creditors.  (ECF 98, page 14)

13.     The Plan Contains an Impermissible Prospective Nondebtor Release:  Article 8 of the Plan provides a broad and prospective release to the Collections Trustee and members of the Oversight Committee.  (ECF 98, pages 28-30)  The Plan has not been confirmed.  The Trust has not been implemented.  As a result, neither the Collections Trustee nor the Oversight Committee have been appointed or served in any capacity.  Yet, Article 8 provides that the Debtor's creditors are granting them a release.

14.     Resevation of Rights regarding Confirmation Order:  As of the filing of this Objection, the Subchapter V Trustee has not received a draft of the Confirmation Order and, thus, reserves the right to comment on or otherwise object to the terms and provisions of any such order.

WHEREFORE, the Subchapter V Trustee respectfully requests that the Court either deny confirmation of the Plan or allow the Debtor an opportunity to correct these deficiencies and grant any other relief the Court deems just.

Dated:  May 22, 2026

/s/ Sylvia Mayer
Sylvia Mayer (Texas Bar No. 00787028)
S. Mayer Law PLLC
P.O. Box 6542
Houston, Texas 77265
Telephone: (713) 893-0339
Facsimile: (713) 661-3738
Email: smayer@smayerlaw.com

## CERTIFICATE OF SERVICE

I, Sylvia Mayer, hereby certify that I caused a true and correct copy of the foregoing document to be served upon the parties in this action who receive electronic service through CM/ECF.  I certify under penalty of perjury that the foregoing is true and correct.

Dated:  May 22, 2026

/s/ Sylvia Mayer
Sylvia Mayer

4